IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUSTAVO VARGAS,

    Petitioner,

v.                                                      No. 26-cv-0070-DHU-GBW

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; and PAMELA BONDI,
U.S. Attorney General,

    Respondents,[1]

## MEMORANDUM OPINION AND ORDER REQUIRING IMMEDIATE RELEASE

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) (Petition). Also before the Court is his Emergency Motion for Immediate Release (Doc. 2) (Motion). Petitioner is in Immigration and Customs Enforcement (ICE) custody at the Otero County Processing Center. On July 10, 2025, the Immigration Court dismissed his removal proceeding. *See* Doc. 1 at 10. The Petition reflects the dismissal order was not appealed and is final. *Id.* at 9. Despite the dismissal, Petitioner has not been released from custody. *Id.* at 6. The Motion reflects there are no pending removal proceedings involving

---

[1] While the form 28 U.S.C. § 2241 petition names the Warden, the Court adds the above-mentioned parties as additional Respondents in this case. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Petitioner. *See* Doc. 2 at 1. Petitioner has not received a bond hearing, notice, or an opportunity to be heard on why he remains in custody following the dismissal of his removal proceeding. *Id.*

Petitioner argues that the Government's refusal to release him after the dismissal of his removal proceeding violates the Due Process Clause. The Due Process Clause protects all persons, including noncitizens, from deprivations of life, liberty, and property without due process of law. U.S. CONST. amend. V; *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). In particular, "[f]reedom from imprisonment - from government custody, detention, or other forms of physical restraint - lies at the heart of the liberty that Clause protects." *Id.* at 690. "[T]here is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing" and after their removal proceedings have been dismissed. *Gil v. Warden, Otay Mesa Det. Ctr.*, 2025 WL 3675153, at *3 (S.D. Cal. Dec. 17, 2025).

The Petition here provides compelling evidence that Petitioner is being held without due process. The Petition attaches the Order dismissing Petitioner's removal proceeding. *See* Doc. 1 at 10. The Petition and Motion further reflect he has not received any additional process, notice or a hearing, or even an explanation on why he remains in detention after that dismissal. *See* Docs. 1, 2. On this record, Petitioner has established he is being detained in violation of the Due Process Clause and without any ongoing effort to remove him from the United States. *See Gil,* 2025 WL 3675153, at *4 (S.D. Cal. Dec. 17, 2025) (ordering petitioner's immediate release where the respondents dismissed petitioner's pending removal proceeding; failed to provide notice of any intent to refile the proceeding; and still continued to detain petitioner). The Court also concludes that emergency relief is warranted, particularly since the Petition attaches a copy of the order dismissing Petitioner's removal proceedings. *See* Doc. 1 at 10; *cf* Summary Order in *Bahadorani*

*v. Bondi*, No. 25-6177 (10th Cir. Dec. 18, 2025) (ordering a release where petitioner made a colorable showing that detention was unconstitutional).

The Court will grant the Petition (Doc. 1) and Emergency Motion for Immediate Release (Doc. 2). The Clerk's Office will forward a copy of this Order to the United States Attorney's Office (USAO) at USANM.Civil.Immigration@usdoj.gov. Respondents must release Petitioner from custody within twenty-four hours of entry of this Order. The Court will also enter final judgment, as the release from custody resolves the pending challenge to custody.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and Emergency Motion for Immediate Release (Doc. 2) are **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents are ordered to **RELEASE** Petitioner Gustavo Vargas within **twenty-four hours** of entry of this Order. Upon release, Respondents are restrained from re-detaining Petitioner unless they provide Petitioner with notice of new or reinstated removal proceedings, and demonstrate at a pre-deprivation hearing before a neutral arbiter that there is a basis for immigration custody and that Petitioner is a danger or flight risk.

**IT IS FINALLY ORDERED** that the Clerk's Office shall forward a copy of the Petition (Doc. 1); Motion (Doc. 2); and this Order to the United States Attorney's Office at the following email address: USANM.Civil.Immigration@usdoj.gov; and the Clerk's Office shall **ADD** the additional party Respondents set forth in the caption of this Order.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE